IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:18CR311 |
| vs. | MEMORANDUM AND ORDER |
| MARCO A. AVALOS, | |
| Defendant. | |

This matter is before the Court on the Findings and Recommendation (F&R), ECF No. 26, issued by Magistrate Judge Michael D. Nelson, recommending that the Motion to Suppress, ECF No. 15, filed by the Defendant, Marco A. Avalos, be granted in part. Avalos filed an Objection to the Findings and Recommendation, ECF No. 27, as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a). The Government filed a Notice of Adoption of the Magistrate Judge's F&R, ECF No. 29. For the reasons set forth below, the F&R will be adopted.

## BACKGROUND

Avalos does not directly object to the Magistrate Judge's factual findings. Having reviewed the record, the Court adopts and incorporates those findings. By way of summary, on October 25, 2018, Creighton University public safety officers responded to a call from a female student on campus. The student reported that a man cat-called her and attempted to enter her residence hall. Using the student's description, public safety officers located Avalos and stopped him to "ban and bar" him from campus. Avalos resisted when the officers attempted to stop him, and, after a struggle, he fell to the ground and dropped a concealed handgun. When public safety officers saw the weapon, they

called 911 to inform the Omaha Police Department (OPD). The public safety officers then handcuffed Avalos and waited for OPD officers to arrive.

Upon arrival, an OPD officer patted down Avalos and asked him if he had "anything else" on him. Avalos told the officer "I have dope." Ex. 2, at 1:30-1:59. As a result of the pat down, OPD officers recovered drug paraphernalia and a brown powder substance. After discovering the brown powder substance, an OPD officer asked Avalos what the substance was, and Avalos told the officer it was "crystal." Ex. 2, at 19:36; TR. 31-32.

Avalos was charged in a single-count indictment with being a felon in possession of a firearm. Indictment, ECF No. 1. Avalos seeks to suppress evidence obtained on October 25, 2018. Avalos argues that (1) Creighton University public safety officers lacked reasonable suspicion of criminal activity to stop him, and (2) OPD officers conducted a custodial interrogation without advising Avalos of his *Miranda* rights. The Magistrate Judge concluded that Creighton public safety officers were not agents of the Government and the Fourth Amendment did not apply to the initial stop. The Magistrate Judge also concluded that the OPD officer's question about whether Avalos had "anything else" on him was permissible for officer safety, but the officer's question about the nature of the brown powder substance was part of a custodial interrogation.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which a Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendation. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## DISCUSSION

### I. Applicability of Fourth Amendment to Public Safety Officers

Avalos's objection focuses on the Magistrate Judge's conclusion that Creighton University public safety officers are not subject to the requirements of the Fourth Amendment. The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend. IV. However, "this protection extends only to actions undertaken by government officials or those acting at their direction." *United States v. Highbull*, 894 F.3d 988, 991 (8th Cir. 2018), *reh'g denied* (Jan. 11, 2019). "'[T]he Fourth Amendment does not apply to a search or seizure, even an arbitrary one, effected by a private party on his own initiative' but it does 'protect against such intrusions if the private party acted as an instrument or agent of the Government.'" *Id.* at 991-92 (quoting *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 613-14 (1989)).

"Whether a private party should be deemed an agent or instrument of the government for Fourth Amendment purposes necessarily turns on the degree of the government's participation in the private party's activities, a question that can only be resolved in light of all the circumstances." *United States v. Wiest*, 596 F.3d 906, 910 (8th Cir. 2010) (quoting *Skinner*, 489 U.S. at 614). To evaluate an agency relationship in the Fourth Amendment context, courts consider three factors: "[1] whether the government had knowledge of and acquiesced in the intrusive conduct; [2] whether the citizen intended to assist law enforcement or instead acted to further his own purposes; and [3] whether the citizen acted at the government's request." *Highbull*, 894 F.3d at 992 (quoting *Wiest*, 596 F.3d at 910). Avalos "bears the burden of proving by a preponderance of the evidence that a private party acted as a government agent." *Id.*

None of the listed factors demonstrates an agency relationship between Creighton public safety officers and the OPD. First, no evidence shows that OPD or any government agency knew of the public safety officers' intention to stop Avalos, nor is there evidence that any agency acquiesced to the stop. The second factor also weighs against a finding of agency. The public safety officers testified that they stopped Avalos to ban him from campus. *See* Tr. 9-11, ECF No. 25. They intended to act for the benefit Creighton University, not to assist law enforcement. The third factor also weighs against a finding of agency. Avalos acknowledges that OPD did not specifically request Creighton public safety officers to stop him, nor is there evidence that OPD officers encourage such stops. Accordingly, none of the factors weighs in favor of finding an agency relationship.

Although Avalos does not directly address any of the factors, he nevertheless argues that "it is obvious that the Omaha Police Department and the Creighton University public safety officers work closely together" and that the public safety officers were "acting as police officers." ECF No. 28 at 2, PageID.104. The Eighth Circuit rejected a similar argument in *United States v. Gonzalez*, 781 F.3d 422, 427 (8th Cir. 2015). In *Gonzalez*, the defendant argued that UPS employees opening a suspicious package "operated as 'de facto' government agents because UPS had a close and ongoing relationship with law enforcement and because the employees opened the package not based on UPS policy but based on a desire to aid police in uncovering illegal activity." *Id*. The court rejected that argument, reasoning that the defendant pointed to no evidence of a close and ongoing relationship between UPS and law enforcement and no evidence that police directed UPS to open the package. The court further reasoned that UPS employees were

4

motivated by safety concerns and contacted police only after they made the independent decision to search a suspicious package. *Id.* at 427-28.

Similarly, in this case, there is no evidence of a close, ongoing relationship between OPD and Creighton public safety. While the two entities may interact frequently due to the nature of the public safety officers' role in providing security for Creighton University and its students and faculty, no evidence suggests that OPD directed such public safety officers to stop and detain Avalos or encouraged such action to prevent crime. The public safety officers consistently testified that they stopped Avalos solely to ban and bar him from campus. They called 911 only after they made the independent decision to confront him and only after the weapon fell from his possession. Accordingly, there is no evidence that OPD and the public safety officers were acting closely together or that the public safety officers had any agency relationship with OPD.

## II. Custodial Interrogation

Avalos relies on his previous brief to argue that the OPD officers' questioning violated his *Miranda* rights. Due to the presence of the weapon, the Magistrate Judge concluded that officer safety justified the pat down and the question about whether Avalos had "anything else" on him. The Court has reviewed the arguments and adopts the Magistrate Judge's reasoning with respect to these actions.

The Magistrate Judge concluded that the OPD officer's question about the brown power substance was not based on officer safety, but was an inquiry likely meant to lead to an incriminating response. The Government does not object to this conclusion and adopted the Magistrate Judge's conclusions and recommendation. See Notice, ECF No.

29. The Court, having reviewed the record, concludes the Magistrate Judge's F&R should be adopted.

## CONCLUSION

For the reasons discussed, the Findings and Recommendation will be adopted, and the Motion to Suppress will be granted in part.

IT IS ORDERED:

1. The Findings and Recommendation, ECF No. 26, are adopted in their entirety;

2. The Motion to Suppress filed by Defendant Marco Avalos, ECF No. 15, is granted in part, consistent with this Memorandum and Order and the Findings and Recommendation; and

3. The Objection to the Findings and Recommendation, ECF No. 27, is overruled.

Dated this 30th day of May 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge